UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEARLENE DRAKE,

    Plaintiff,                                            Civil Action No. 14-CV-12686

vs.                                                    HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, VACATING ORDER TO SHOW CAUSE, GRANTING PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME, AND VACATING ORDER OF REFERENCE

This matter is presently before the Court on Magistrate Judge Patricia Morris' Report and Recommendation dated March 10, 2016, which recommends that the Court dismiss the complaint for lack of prosecution and because defendant's administrative decision is supported by substantial evidence. For the reasons stated below, the Court shall reject this recommendation.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's denial of her applications for Social Security disability insurance benefits and Supplemental Security Income. Defendant has answered the complaint and filed the administrative record. In an order dated January 5, 2016, the magistrate judge stated:

> Plaintiff was informed by the firm of Davidson, Breen and Doud, P.C. that they will no longer be representing her in her case. Plaintiff was given until December 30, 2015, to retain new counsel otherwise she would be deemed to be representing herself.
> As of this date an appearance of new counsel has not been filed in this matter; therefore, IT IS ORDERED that Plaintiff shall be deemed to be representing herself. The parties shall each be given an

> additional 30 days to file any necessary supplemental briefings. IT IS FURTHER ORDERED that Plaintiff's supplemental brief shall be filed on or before February 4, 2016, and Defendant's supplemental brief shall be filed on or before March 4, 2016.

In a show cause order dated February 17, 2016, the magistrate judge stated:

> An Order was entered January 5, 2016, deeming Plaintiff as representing herself and setting a new briefing schedule. The briefing schedule ordered Plaintiff to file her brief on or before February 4, 2016. As of today, Plaintiff has failed to file her brief or a request to have the deadline extended.
> Accordingly, IT IS ORDERED THAT PLAINTIFF SHOW CAUSE IN WRITING on or before March 2, 2016, why the undersigned should not recommend that this case be dismissed for want of prosecution. This Order is being issued pursuant to E.D. Mich. LR 41.2.

On March 2, 2016, plaintiff responded to the show cause order. She indicated that she

> was under the mistaken belief that she was still being represented by attorney Aaron T. Lemmens.
>
> Plaintiff has met with several attorneys in an effort to retain counsel to assist her in this most difficult area.
>
> Plaintiff was scheduled to meet with an attorney on March 1, 2016, but said appointment was cancelled due to a snow emergency.
>
> Plaintiff seeks an extension of 30 days to allow the new attorney she is retaining to review the file and file her motion and brief.

On March 10, 2016, the magistrate judge issued the R&R that is now before the Court. She recommends that the complaint be dismissed for lack of prosecution for "her failure to comply with the Court's orders." R&R at 6. She further recommends that the complaint be dismissed because defendant's denial of plaintiff's applications is supported by substantial evidence.

The Court rejects this recommendation. As this Court has held before, dismissal for lack of prosecution in a social security disability case is inappropriate because the plaintiff in such

a case is not required to do anything at all except to "file a timely complaint seeking judicial review of the administrative decision." *Wright v. Comm'r of Soc. Sec.*, No. 99-CV-15014 (E.D. Mich. Dec. 27, 2010) (rejecting a magistrate judge's recommendation that the Court dismiss the complaint for lack of prosecution when plaintiff failed to file a summary judgment motion). In that case, the Court cited *Kenney v. Heckler*, 577 F. Supp. 214, 216 (N.D. Ohio 1983), for its statement that

> as § 405(g) does not require the filing of motions or briefs for the Court to render a decision on the merits, the failure to file such motions cannot be the basis of a dismissal for failure to prosecute. Stated another way, once the plaintiff has filed a complaint stating his grounds for appeal from the Secretary's decision, he has done all that is required of him by § 405(g). Further, once the Secretary has filed a transcript of the record, all that is required by § 405(g) of both parties has been done.

Accordingly, it would be improper for the Court to dismiss the complaint in this matter merely because plaintiff declined to accept the magistrate judge's invitation to file a supplemental brief. To the extent the magistrate judge recommends dismissal on this basis, the R&R is rejected. For the same reason, the Court hereby vacates the magistrate judge's February 17, 2016, show cause order.

The magistrate judge also recommends dismissal on the grounds that defendant's administrative decision is supported by substantial evidence. The Court rejects this recommendation for two reasons. First, if defendant's decision is supported by substantial evidence, the Court would enter judgment for defendant, not dismiss the complaint. Second, and more importantly, the Court prefers (but does not require) that the parties submit summary judgment motions in social security disability cases, and neither party has done so in the present case. Plaintiff, for whatever reason, is

not currently represented by counsel.[1] Plaintiff states she believed "she was still being represented by attorney Aaron T. Lemmens," who was associated with the same law firm that represented her initially. Given the confusion surrounding the status of plaintiff's representation, it is certainly plausible that plaintiff was unaware until recently that she is in fact not represented by counsel. Under these circumstances, plaintiff has shown sufficient cause for her request for additional time to seek substitute counsel. For these reasons,

IT IS ORDERED that Magistrate Judge Morris' R&R is rejected.

IT IS FURTHER ORDERED that the magistrate judge's February 17, 2016, show cause order is vacated.

IT IS FURTHER ORDERED that plaintiff's motion for additional time to retain substitute counsel is granted. Substitute counsel may enter an appearance until April 15, 2016.

---

[1] Plaintiff was initially represented by the law firm of Davidson, Breen, Doud, Steele & Ferguson, P.C. The magistrate judge states that

> [t]he Doud Firm having been removed from all pending Social Security cases, Drake was left with the option of representing herself *pro se*, or obtaining new legal counsel. Drake was specifically informed of this option by letter, sent pursuant to a stipulation between the Doud Firm and the United States District Court for [the] Eastern District of Michigan, and that she had until December 30, 2015, to obtain new counsel (Doc. 26).

R&R at 2. The Court is aware of the controversy surrounding the Doud Firm, but it is not aware of the referenced letter and there is no Docket Entry 26 in this matter. There is a clerk's entry dated January 5, 2016, indicating that attorney James Smith (who substituted for Richard Doud on April 14, 2015) of the Doud Firm was terminated, but the basis for that entry is not apparent.

IT IS FURTHER ORDERED that both parties may, if they wish, submit summary judgment motions (not to exceed 25 pages in length) by June 15, 2016.

IT IS FURTHER ORDERED that the order of reference in this matter is vacated.

          _s/ Bernard A. Friedman_____
          BERNARD A. FRIEDMAN
          SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 14, 2016
      Detroit, Michigan